IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANE RECZEK,<br>      Plaintiff,<br><br>v.<br><br>TILTON TERRACE OF DELAWARE,<br>L.L.C., d/b/a TILTON TERRACE;<br>and, JHA WILMINGTON, INC.,<br><br>      Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO: _____<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Plaintiff, Diane Reczek ("Ms. Reczek" or "Plaintiff"), claims of Defendants, Tilton Terrace of Delaware, L.L.C., d/b/a Tilton Terrace ("Tilton Terrace"), and JHA Wilmington, Inc. ("JHA") (Tilton Terrace and JHA shall hereinafter be referred to collectively as "Defendants"), damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to her compensation, terms, conditions and privileges of employment by Defendants, based on her race (Caucasian).

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under Title 19 Delaware Code, Ch. 7.

6. All conditions precedent to the institution of this suit have been fulfilled. On October 30, 2006, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission (copy attached as Exhibit "A"). This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## PARTIES

7. Plaintiff, Diane Reczek, is a Caucasian citizen of the Commonwealth of Pennsylvania who resides therein at 30 Mary Drive, Aston, Pennsylvania.

8. Defendant, Tilton Terrace of Delaware, L.L.C., d/b/a Tilton Terrace, was and is now a corporation duly organized and existing under the laws of the State of Delaware and maintains a place of business located at 801 N. Broom Street, Wilmington, Delaware. Tilton Terrace may be served through its Registered Agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

9.  Defendant, JHA Wilmington, Inc., was and is now a corporation duly organized and existing under the laws of the State of Delaware and maintains a place of business located at 801 N. Broom Street, Wilmington, Delaware. JHA may be served through its Registered Agent, Delaware Corporation Organizers, Inc., at 1201 North Market Street, Wilmington, Delaware 19801.

10. At all times relevant hereto, Defendants were acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

11. At all times material herein, Defendants were a "person" and "employer" as defined under Title VII and Title 19 Delaware Code, Ch. 7 and are subject to the provisions of each said Act.

## BACKGROUND

12. Plaintiff was employed by Defendants as an LPN/Nursing Unit Manager from on or about December 28, 2004, until on or about September 28, 2005, when she was constructively discharged as a result of the unlawful employment practices complained of herein.

13. During the course of her employment, Plaintiff at all times performed her job function in a dutiful, competent and courteous manner. At the time of her constructive dismissal, Plaintiff was earning a salary of approximately $60,000 per annum, plus benefits.

14. During her employment, Plaintiff was subjected to various instances of racial harassment and discrimination by certain managers and co-workers, including but not limited to Angela Paylor, Director of Nursing and Myra King, Assistant Director of Nursing, which conduct fostered and perpetuated a hostile work environment for Plaintiff.

15. The aforesaid individuals subjected Plaintiff to harassing and discriminatory conduct which included, but was not limited to, subjecting Plaintiff to racially-derogatory comments and gestures, referring to Plaintiff as "white girl" and "that white nurse" instead of using her proper name, telling Plaintiff that Caucasians in general smell like "colostomy bags", being subjected to bogus reprimands and written warnings, being targeted for dismissal and the subject of an "office pool" as to the date she would resign, and being subjected to other harassing and discriminatory treatment.

16. Plaintiff registered various complaints with the Defendant's management regarding the aforesaid harassing and discriminatory treatment, however, Defendants failed to investigate her concerns or to take any remedial action on her behalf. Upon information and belief, the Defendant's management was aware, or should have been aware of other Caucasian employees who were victimized by similar acts of racial harassment prior to Plaintiff's hire, yet likewise failed to take remedial action.

17. Thereafter, and notwithstanding the complaints Plaintiff registered, the Defendant's agents, servants and employees continued to subject her to harassing and discriminatory treatment during the course of her employment; which conduct fostered and perpetuated a hostile work environment and made it impossible for Plaintiff to continue in her employment.

18. As a direct result of the Defendant's failure to remedy the aforesaid harassing and discriminatory treatment, Plaintiff was forced to involuntarily resign her position of employment with the Defendants on or about September 28, 2005.

19. Subsequent to her constructive dismissal, as aforesaid, Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor ("DDOL") and the United States Equal Employment Opportunity Commission ("EEOC").

20. The DDOL duly investigated the Charge of Discrimination filed by Plaintiff and concluded that probable cause existed to substantiate the claims of discrimination and harassment filed by Plaintiff.

## COUNT I
### TITLE VII – Race Discrimination, Hostile Work Environment and Constructive Discharge
### Plaintiff v. Defendant

21. Plaintiff incorporates by reference paragraphs 1 through 20 of her Complaint fully set forth at length herein.

22. The actions of the Defendants through their agents, servants and employees, in subjecting Plaintiff to racial discrimination in the terms, conditions and privileges of her employment, in subjecting Plaintiff to a hostile working environment, and in causing the constructive termination of Plaintiff's employment as a result of the aforesaid discrimination, constituted a violation of Title VII.

23. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

24. As a direct result of Defendant's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### 19 Delaware Code, Chapter 7 – Race Discrimination, Hostile Work Environment and Constructive Discharge
### Plaintiff v. Defendant

25. Plaintiff incorporates by reference paragraphs 1 through 24 of her Complaint fully set forth at length herein.

26. The actions of the Defendants through their agents, servants and employees, in subjecting Plaintiff to racial discrimination in the terms, conditions and privileges of her employment, in subjecting Plaintiff to a hostile working environment, and in causing the constructive termination of Plaintiff's employment as a result of the aforesaid discrimination, constituted a violation of 19 Delaware Code, Chapter 7.

27. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28. As a direct result of Defendant's willful and unlawful actions in violation of 19 Delaware Code, Chapter 7, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

### PRAYER FOR RELIEF

29. Plaintiff repeats the allegations of paragraph 1 through 28 of her Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendants, jointly and severally, and order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages (under Title VII) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

LAW OFFICES OF G. KEVIN FASIC, LLC

By: _____
G. Kevin Fasic, Esquire (DE 3496)
1225 King Street, Suite 200
Wilmington, DE 19801
(302) 654-4501 – Telephone
(302) 654-4406 – Facsimile
k.fasic@lawgkf.com – E-Mail

Of Counsel:
Kevin I. Lovitz, Esquire
The Lovitz Law Firm, P.C.
1528 Walnut Street, Suite 1401
Philadelphia, PA 19102
(215) 735-1996 – Telephone
(215) 546-7440 – Facsimile
Kevin@lovitzlaw.com – E-Mail

Dated: January 9, 2007

# EXHIBIT A

EEOC Form 161-B (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Diane E. Reczek
30 Mary Drive
Aston, PA 19014

From: U. S. Equal Employment Opportunity Commission
Philadelphia District Office
21 South 5th Street - Suite 400
Philadelphia, PA 19106-2515

[ ]  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2006-00098 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso    October 30, 2006

Enclosure(s)    Marie M. Tomasso, District Director    *(Date Mailed)*

cc: Tilton Terrace
Kevin I. Lovitz, Esquire (for Charging Party)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diane Peczek

### DEFENDANTS
Tilton Terrace of Delaware d/b/a Tilton Terrace; and, JHA Wilmington, Inc.

(b) County of Residence of First Listed Plaintiff: Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): G. Kevin Fasic, Esq.
Law Offices of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington, DE 19801  302-654-4601

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e) et seq.

Brief description of cause: Race Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1-9-07
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-013

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

___1/9/07___  
(Date forms issued)

___Lilly Van Dyk___  
(Signature of Party or their Representative)

___Lilly Van Dyk___  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action